REPUBLIC OF HAWAII *v.* HOSHINA.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED SEPT. 22, 1896.          DECIDED OCTOBER 19, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

*Alibi.* There being evidence produced by defendant tending to prove that defendant was elsewhere than at the place where the offense is alleged to have been committed at the time alleged, the Court was justified of its own motion in charging the jury as to the law of *alibi.*

OPINION OF THE COURT BY WHITING, J.

The defendant was convicted on a charge of unlawfully selling opium in the Circuit Court, First Circuit, and brings his

bill of exceptions to this Court claiming error in the charge of the presiding judge to the jury.

The judge charged the jury on the law of alibi, the language of the charge however is not objected to, and the law as charged is admitted as sound law, but defendant claims that the defense of alibi was not set up by him and was not in issue in the case, and that he was injured and prejudiced by the Court construing the defendant's evidence as offered to prove an alibi, whereas defendant claims it was merely to discredit the witnesses for the prosecution and was offered for no other purpose.

The evidence certified up appears to have been presented generally without limitation nor for special purposes, and nowhere does it appear that defendant intended or offered to restrict its effect to discrediting testimony of witnesses for the prosecution, rather than for the purpose of proving an alibi.

The defendant merely excepted to the charge of the Court as to the law of alibi, but made no request for the Court to charge that the defense did not include an alibi or to limit the issue otherwise so as to exclude the question of alibi.

Counsel for parties may request the Court to charge the jury on questions involved, and the Court may of its own motion charge the jury upon any point of law involved in the trial.

The Court in this instance charged the jury on its own motion that alibi was in issue and charged the law accordingly, and the question is, was this point involved in the case.

An alibi is in criminal evidence, the defendant's showing under his plea of not guilty and without special averment, that when the criminal thing was done he was at some other place where he could not be the doer.

1 Bishop, New Criminal Proc., Sec. 1061.

"A prisoner or accused person is said to set up an alibi when he alleges that at the time when the offense with which he is charged was committed, he was elsewhere, that is, in a different place from that in which it was committed. If proved, it is of course a complete answer to the charge."

1 Am. & Eng. Enc. of Law, 454.

The place where the alleged delivery of the opium was made, was on the premises of the defendant. The evidence of the prosecution's witnesses showed that the delivery was made in the evening in the yard of the defendant by the defendant himself to one Masui. The opium consisted of 20 small packages in a big tin box, and Hoshina handed it to Masui in the yard outside Hoshina's house; that one Iwata went and brought the box and handed it to Hoshina in the yard, Iwata coming from the street.

The defendant and his witnesses testified that Masui came to Hoshina's house, which was a small cottage, with but two or three small rooms, and that neither Iwata, Hoshina nor Masui at any time went out or left the room, nor in fact any of the witnesses went out while Masui was at the house, but all remained in the parlor—and when Masui took his departure, he left alone and none of those present went out with him, nor did Iwata nor Hoshina go at any time into the yard with Masui. That all the rest except Masui, remained at Hoshina's house for over an hour after Masui left, and none went out until 11 o'clock, p. m., when Iwata and his wife went home. There was also evidence of what took place in the parlor of Hoshina's tending to show that neither Iwata nor Hoshina could have gone into the yard with Masui that evening.

The effect of such testimony is certainly to show an alibi, for it tends to show that Hoshina was not in the yard with Masui at any time during the visit of Masui, and if so the transaction alleged could not have taken place, for Hoshina would then have been in a place elsewhere than that of the alleged place of offense, and in thus attempting to account for all his whereabouts and all his actions during the time of Masui's visit, but in a place different from that testified to by Masui, the Court was fully justified in using its discretion in giving in its charge the law of alibi.

Exceptions overruled.

*Attorney-General W. O. Smith* and *Deputy Attorney-General E. P. Dole,* for prosecution.

*A. G. M. Robertson,* for defendant.